United States District Court
Eastern District of Michigan
231 W. Lafayette Blvd
Detroit MI, 48226

Emory Day,
 Petitioner,

v.

Warden Rardin,
 Respondant.

Case: 2:25-cv-12804
Assigned To : Berg, Terrence G.
Referral Judge: Ivy, Curtis, Jr
Assign. Date : 9/5/2025
Description: HC DAY V RARDIN(MRS)

28 U.S.C. 2241 Request for Writ of Habeas Corpus

Pro Se

Under all protection and benefits of Haines v. Turner

THIS IS NOT A 2255 or 2254 or 2243 BECAUSE PETITIONER IS CHALLENGING THE EXECUTION OF HIS FEDERAL SENTENCE

RELIEF REQUESTED:

That the Court Purge the Due Process violation that occured under Wolff in Mr. Day's conviction by DHO of a shot series III for 'introduction of drugs in visitation', by the court ordering the III violation be expunged from his record, (Incident Report # 3906252,) at FCI Milan.

Mr. Emory Day, first duly sworn, makes the following Pro Se argument in support of expunging a THC wax introduction in visitation, alleged Charge, which he is not guilty of because the boots the THC were located in both he, and his Unit Team agree, were boots not belonging to him. The Court should order Mr. Day's drug charge expunged for the following reasons To WIT;

-pg 1-

## Jurisdiction to File Under
## 28 U.S.C. 2241

Mr. Day is challenging his federal Sentence execution which these incident reports would negitively effect because it raises his security points which would ultimately affect his out date possibility.

Therefore, this falls under 28 U.S.C. 2241.

## Arguement in Support of Granting
## The 28 U.S.C. 2241 for Relief
### (on Incident Report-111 #3906252)

The Petitioner makes this reasonable request to expunge his Incident Report for the charge of a '111 Introduction of drugs' charge. Petitioner had went to a visit with a pair of ~~found~~ Shoes (boots) which were owned by his cell mate. Petitioner's shoes were wet. Petitioner went to his visit not knowing that there was the wax in the sole of the boot. (between the cloth & the sole of the boot.) The THC was found on a strip search after the visit.

   Critical to this case is the fact that Mr. Day's Unit team Counselors Jon Fisher and Cory Grimm both agreed that the shot should be thrown out. So Mr. Day had two staff agree that Mr. Day was not guilty of any Mens rea to introducing drugs in the visitation room, by THC wax in a shoe.

   Critical to this is also the fact that when Mr. Day explained the boots belonged to his cellmate,

the investigating staff did not question the cellmate to determine whether the shoes (boots) belonged to the cellmate. This was critical to the case-in-chief to a fair determination of the critical facts of the case.

Petitioner's Due Process was violated under <u>Wolff</u> for a number of reasons which negatively affected the out-come of his DHO hearing and did not allow Petitioner a fair hearing.

First Point: Mr. Day had two correctional officers that vouched for him, namely Unit team Jon Fisher and Cocl Grimm. These two witnesses were not presented, or their testimony considered in weighing critical case-in-chief facts. This missed evidence would have aided DHO in giving more weight to Mr. Day's innocence that he had no Mens rea.

Second Point: Mr. Day's <u>UDC</u>, which is the initial hearing before the DHO hearing. Both Unit Team and also the Warden had signed to the Shot being thrown out and to deny the 5 day extention the DHO was requesting in support of expunging the shot. There certainly was no doubt in staff's mind that it was apperant to them that Mr. Day was innocent. None of this information was properly convayed to the DHO as evidence supporting Mr. Day's innocent plea, during his DHO hearing. This missed critical evidence was critical to his case-in-chief. This improperly put a thumb on the scale of justice.     -Pg 3-

hearing for Mr. Day where two Unit Team Counselors, Namely, Jon Fisher & Cory Grimm both reached the same conclusion on this case, that it was apparent to them that Mr. Day had No Mens rea to introduce drugs in the visitation room, and their testimony should have been properly weighed at the DHO. The fact finder would have known of Unit Team Jon Fisher & Cory Grimm's opinion which the fact finder should have added to the critical facts. Due Process is violated when proper witness testimony critical to the case-in-chief is omitted at a DHO hearing because it chills a fair analysis of the facts in Petitioner Day's favor, which clearly violates <u>Wolff</u> Due Process.

## Conclusion

Where Critical Unit Team testimony of Mr. Day's innocence to any Mens rea was omitted from Mr. Day's DHo hearing, Critical evidence to the Chief-in-Case was improperly missed which violated Due Process under <u>Wolff</u> because this evidence of Unit Team Jon Fisher & Cory Grimm served as the Critical Witness testimony Mr. Day needed to argue and perfect his innocence. The lack of this evidence chilled Mr. Day's credibility and was a thumb on the Scale of justice against him to omit such witness testimony. Therefore Mr. Day's DHO was unfair and his conviction for a 111 Shot for introduction of drugs in the day room was a violation of Due Process.

- Pg 4 -

Conclusion Continued...

This incident report conviction directly affects the execution of Mr. Day's sentence because it both affects his possibility of earlyer release and having a drug conviction on file could affect a future violation by causing him to lose additional good time, FSA, or Halfway house time. It could also negitively affect when he gets off Supervised release.

All these things would be a negitively effective affect to the exicution of his sentence So that the court can and should, under the interest of justice, order the warden to absolve this offense of a 111 Shot for introduction of drugs in the day room, incident report # 3906252, in the interest of justice to Purge the Due Process violation of omitted witness testimony of unit team staff Jon Fisher and Cory Grimm, at Mr. Day's DHO hearing, and failure to question cellmate.

Therefore the court should grant relief. Respectfully submitted,

X _Emory Day_                                8/27/25
Emory Day ID 48541309
FCI Milan P.O. Box 1000
Milan, MI 48160

— pg 5 —

```
 MILIL           *        INMATE DISCIPLINE DATA          *    08-24-2025
PAGE 002          *     CHRONOLOGICAL DISCIPLINARY RECORD  *    16:42:52

REGISTER NO: 48541-509 NAME..: DAY, EMORY ALLEN
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-24-2025

UDC HEARING DATE/TIME: 04-25-2025 1300  REPORT 4105016 CONTINUED
   328  GIVING/ACCEPTNG MONEY W/O AUTH - FREQ: 1
        LP PHONE    / 30 DAYS / CS
                    FROM: 07-26-2025  THRU: 08-24-2025
        COMP:    LAW:
-------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 4051792 - SANCTIONED  INCIDENT DATE/TIME: 12-31-2024 1348
UDC HEARING DATE/TIME: 01-10-2025 0845
FACL/UDC/CHAIRPERSON.: MIL/8 JAIL/C. GRIMM
REPORT REMARKS.......: 30 DAYS LOSS OF COMMISSARY
   328  GIVING/ACCEPTNG MONEY W/O AUTH - FREQ: 1
        LP COMM     / 30 DAYS / CS
                    FROM: 05-27-2025  THRU: 06-25-2025
        COMP:    LAW:    30 DAYS LOSS OF COMMISSARY
-------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3906252 - SANCTIONED  INCIDENT DATE/TIME: 03-09-2024 1405
DHO HEARING DATE/TIME: 09-24-2024 1300          DHO REPT DEL: 10-25-2024 1044
FACL/CHAIRPERSON.....: MIL/D. ROMERO
REPORT REMARKS.......: THE INMATE DENIED THAT THE SHOES HE WAS WEARING THAT CON
                       TAINED THC WAX WERE HIS.
   111  INTRODUCTION DRUGS/ALCOHOL - FREQ: 1 ATI: DTA
        DIS GCT     / 41 DAYS / CS
        COMP:000 LAW:    IF THE INMATE RECEIVES A FEDERAL SENTENCE THAT ALL
                         OWS DIS OF GCT.
        LP COMM     / 120 DAYS / CS
                    FROM: 01-27-2025  THRU: 05-26-2025
        COMP:    LAW:    TO DETER FUTURE LIKE BEHAVIORS.
        LP V VISIT  / 120 DAYS / CS
                    FROM: 12-04-2024  THRU: 04-02-2025
        COMP:    LAW:    TO DETER FUTURE LIKE BEHAVIORS.
-------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 3994637 - SANCTIONED  INCIDENT DATE/TIME: 09-12-2024 1105
UDC HEARING DATE/TIME: 09-16-2024 1255
FACL/UDC/CHAIRPERSON.: MIL/8 JAIL/C. GRIMM
REPORT REMARKS.......: 30 DAYS LOSS OF COMMISSARY
   307  REFUSING TO OBEY AN ORDER - FREQ: 1
        LP COMM     / 30 DAYS / CS
                    FROM: 12-28-2024  THRU: 01-26-2025
        COMP:    LAW:    30 DAYS LOSS OF COMMISSARY




G0002       MORE PAGES TO FOLLOW . . .
```

# MEMO FUTILITY REQUEST

To: Clerk of the Court

From: Emory Day, FCI Milan, P.O. Box 1000, Milan, MI - 48160

RE: Request for the Court to allow a futility waiver to Completion of Administrative Remedy

    I, Emory Day, duly sworn, ask this Court allow a Waiver to administrative Remedy based on the futility grounds as I am writing this from Special housing and the staff refuse to give me any Administrative Remedy which chills any efforts to complete my Administrative Remedy.

    The Court has waived the administrative Remedy where it would be futile for the inmate to complete the Process.

    The Court should Waive Petitioners Administrative Remedy where he has a justified reason for the Court Moving this case forward to serve the interest of Justice.

    Thank You.

Respectfully submitted

x _Emory Day_

Date: 8-27-25

## Notice of Service

I Emory Day, duly sworn, submit that I have sent this to the Court by federal Mail of FCI Milan. With Proper Postage.

    I am Pro Se and Not able to afford a copy card to make copies of this for interested Parties.
    I ask, Please, that the Court Email all interested Parties.
    Thank-You.

Signed X _Emory Day_     Date _8-27-25_

Emory Day ID# 48541509
FCI Milan - P.O. Box 1000
Milan, MI - 48160

Emory Day
NAME

485-41-509
REG. NO.

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

RECEIVED
SEP 05 2025
CLERK'S OFFICE
DETROIT

METROPLEX MI 480
2 SEP 2025   PM 2 L



Clerk of Court
United States District Court
231 W. Lafayette Blvd.
Detroit, M.I. 48226

U.S. MARSHA

48226-277758