U.S. District Court

Eastern District of

Case: 2:25-cv-12804
Assigned To : Berg, Terrence G.
Referral Judge: Ivy, Curtis, Jr
Assign. Date : 9/5/2025
Description: HC DAY V RARDIN(MRS)

Emory Allen Day,
           Petitioner,

v.

Warden Rardin,
           Respondant.

Case

EMERGENCY MOTION/REQUEST FOR A RESTRAINING ORDER

Pro Se

PETITIONER REQUESTS A RESTRAINING ORDER AGAINST BEING SHIPPED/TRANSFERRED UNTIL PETITIONER CAN ARGUE HIS 28 U.S.C. 2241

RELIEF REQUESTED: That the Court restrain Warden Rardin from shipping/transferring Mr. Day until the conclusion of his 28 U.S.C. 2241 which he filed to argue the merits of a 100 series Incident Report for the unwarranted drug charge he received claiming he introduced drugs in his shoe in the visitation room.

Mr. Emory Day, first duly sworn, and writing in Pro Se, submits this restraining order request to the Court because Mr. Emory Day is in jepordy of being shipped/transferred. Mr. Day writes this under the Protection of Haines v. Turner, that Pro Se filers will be held to a lower standard and the argument construed to the strongest argument.

-pg 1-

## Jurisdiction

Because Mr. Days filing is already in the court for a 28 U.S.C. 2241, the court can grant this order to restrain the Warden Rardin from shipping/transferring Mr. Day because that would cause Mr. Days property to be taken to R&D which would chill Mr. Days ability to write any further response briefs for lack of his records and discovery paperwork. Neither can Mr. Day fight his case while in transit, which would take months. So for this reason the interests of justice warrant jurisdiction to grant a restraining order against Warden Rardin.

## Argument In Support of a Restraining Order

Mr. Day holds that he is being threatened with transfer/shipping to a 'medium' due to his points from incident reports that Petitioner Day holds are not properly applied, Onit facts and were applied to his record by an unfair violation to his Due Process of a fair hearing. Specifically, Petitioner is now challenging a drug charge of THC wax that was in the sole of the boots he wore to visitation. He holds that his unit team were in agreement the Incident report did not match facts properly to the evidence, and that his unit team wanted to expunge the shot. However, because this incident report would raise ~~bot~~ his custody points, he is being threatened with intent to ship/transfer him.

Without the drug charge shot being applied

-pg 2-

to Mr. Days record, his custody level would not warrant him being shipped. It's therefore critical that he be allowed to argue his 28 U.S.C. 2241 filing at Milan unhampered by threat of being shipped/transferred.

Under the Haines v. Turner, holding, this Court should grant his request, though this is not a professionally written brief since the Court can glean the 'gist' of Mr. Days argument.

## Conclusion

For the above stated reasons under Haines v. Turner, the Court can and should be willing to GRANT this restraining order to allow Mr. Day an unfettered chance to adjudicate his 28 U.S.C. 2241 for the stated supporting reasons.

Respectfully submitted                    Date:

Emory Day                                 8-29-2025
Emory A. Day #48541-509
FCI Milan - P.O. Box 1000
Milan, MI - 48160


## Notice of Service

I, Emory A. Day, Served on the Court this request to grant a Restraining Order against Warden Rardin, by filing this with the Court by Federal Mail with Postage Paid.

Signed: Emory Day                    Date: 8-29-2025

-3-

Emory Day
NAME

48541 509
REG. NO.

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

METROPLEX MI 480

2 SEP 2025   PM 8  L



RECEIVED
SEP 05 2025
CLERK'S OFFICE
DETROIT

Clerk of Court
U.S. Federal District Court
231 W. Lafayette Blvd.
Detroit MI 48226

48226-270099