UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **EMORY DAY**,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>**ERIC RARDIN**,<br><br>　　　　　Respondent. | **2:25-CV-12804-TGB-CI**<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER DISMISSING CASE FOR FAILURE TO CORRECT DEFICIENCY AND DENYING REQUEST TO REINSTATE ORDER (ECF NO. 2) AS MOOT** |

　　　　On September 5, 2025, Petitioner Emory Day filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On September 16, 2025, Magistrate Judge David R. Grand issued an Order to Correct Deficiency ("Deficiency Order") in which Day was ordered to submit a $5.00 fee for filing a habeas corpus petition or an application to proceed in forma pauperis within twenty-one days of the order. ECF No. 4. Petitioner Day has failed to comply with the Court's Deficiency Order and consequently this action will be **DISMISSED WITHOUT PREJUDICE**. Furthermore, the Court **DENIES AS MOOT** Day's request to reinstate order against being shipped/transferred, ECF No. 2, until Day can argue a § 2241 petition.

　　　　Day's Petition is subject to dismissal because he failed to comply with the Court's Deficiency Order. If a habeas petitioner does not comply

with a court's directions in a deficiency order, the district court must presume that the prisoner is not entitled to proceed in forma pauperis, "assess the full filing fee, and dismiss the case for want of prosecution." *Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.1997)). Here, the Deficiency Order provided clear instructions for Day to submit either the $5.00 filing fee or an application to proceed in forma pauperis. The Deficiency Order also expressly warned Day that failure to comply with the Court's instructions could result in dismissal of his action. Day was required to comply with the Deficiency Order by October 7, 2025. Despite the additional time and leeway given to Day as an incarcerated pro se party, he failed to comply with the Court's Deficiency Order.

Therefore, this case is hereby **DISMISSED WITHOUT PREJUDICE**. Day's request to reinstate order against being shipped/transferred until he can argue a § 2241 petition, ECF No. 2, is **DENIED AS MOOT**. It is further ordered that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Accordingly, a certificate of appealability and leave to appeal in forma pauperis are **DENIED**.

**IT IS SO ORDERED**.

Dated: October 31, 2025

_s/Terrence G. Berg_
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE