UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **EMORY DAY,**<br><br>Petitioner,<br><br>vs.<br><br>**ERIC RARDIN,**<br><br>Respondent. | **2:25-CV-12804-TGB-CI**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE PENDING MOTIONS (ECF NOS. 10, 18, 21, 24)** |

Emory Day, ("Petitioner"), confined at the Ray Brook Federal Correctional Institution in Ray Brook, New York ("Ray Brook FCI"), filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges a disciplinary decision by the Bureau of Prisons ("BOP") to find Petitioner guilty of Introduction of Alcohol/Drugs into the prison. Respondent filed an Answer to the Petition. As part of the Answer, Respondent argues that the case should be dismissed because Petitioner failed to exhaust his administrative remedies. For the reasons that follow, the Petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is summarily dismissed without prejudice.

## I. Background

Petitioner is serving a 132-month sentence at Ray Brook FCI as a result of his conviction for possession and distribution of child pornography under both 18 U.S.C. §§ 2252A(a)(2) and (5). *See United States v. Day*, No. 2:21-cr-20402 (ECF No. 152) (E.D. Mich. Jan. 14, 2025). Petitioner's projected release date is March 14, 2031, via Good Conduct Time Release, and his full term expires on June 1, 2032. Declaration, ¶ 5, Attach. 1: Inmate History, ECF No. 20-3, PageID.99.

On September 24, 2024, while Petitioner was incarcerated at the Federal Detention Center in Milan, Michigan, he was found guilty by a Disciplinary Hearing Officer ("DHO") of a Code Violation 111–Introduction Drugs/Alcohol; that is, introducing illegal drugs into the prison. *Id.* ¶ 9, PageID.100. The DHO ordered that Petitioner lose 41 days of good time credits, and loss of commissary privileges and visits for 120 days. *Id.* PageID.128.[1]

---

1 Neither Petitioner nor Respondent point out that Petitioner received this disciplinary conviction before he was actually sentenced on his federal conviction. Petitioner had been ordered to be detained pending trial. *See United States v. Day,* No. 2:21-cr-20402 (E.D. Mich.) (ECF No. 10). The incident report that Respondent attaches to their brief indicates that the incident underlying Petitioner's disciplinary conviction took place in the FDC visitation room. ECF No. 20-3, PageID.120. The FDC Milan is the Federal Detention Center at Milan, Michigan. *See Simmons v. United States*, 974 F.3d 791, 794 (6th Cir. 2020). Petitioner was therefore not serving his sentence at the time he received the disciplinary action.

Instead of pursuing available administrative remedies, Petitioner, by this time incarcerated at the Federal Correctional Institution in Milan, Michigan following his sentencing, filed this Petition, seeking expungement of his disciplinary conviction. Petitioner alleges that the conviction "increases his security points" which could "ultimately affect his out date possibility." Petition, ECF No. 1, PageID.2. Petitioner further claims that a drug conviction could also cause him "to lose additional good time, FSA [First Step Act credits], or Halfway house time," and could affect "when he gets off supervised release." *Id.* PageID.5. Petitioner admitted that he failed to exhaust his administrative remedies prior to filing this Petition. He argues that it was futile for him to do so because BOP staff refused to assist him with any administrative remedy while he was in the Special Housing Unit. *Id.* PageID.7.

## II. Discussion

### A. The petition is dismissed without prejudice.

Petitioner had an obligation to exhaust his administrative remedies prior to filing his Petition but he failed to do so. The Petition therefore is dismissed without prejudice.

A federal habeas corpus petitioner is required to exhaust his administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Ne. Ohio Corr. Ctr.,* 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). The failure to exhaust

administrative remedies is an affirmative defense that the respondent is required to prove. *See e.g. Luedtke,* 704 F.3d at 466.

The BOP maintains an Administrative Remedy Program which allows an inmate to seek formal review of any issue relating to the inmate's confinement. 28 C.F.R. § 542.10(a). "The Bureau's regulatory regime for prisoner grievances consists of four tiers: (1) seeking informal resolution with a staff member; (2) submitting a grievance to the Warden on a 'BP–9' form; (3) appealing to the Regional Director on a 'BP–10' form within 20 days of the date the Warden signed the response to the grievance; and (4) appealing to the General Counsel of the Central Office on a 'BP–11' form within 30 days of the date the Regional Director signed the response to the appeal." *Risher v. Lappin*, 639 F.3d 236, 238–39 (6th Cir. 2011) (citing 28 C.F.R. §§ 542.13–15). "The BP–10 and BP–11 forms must be accompanied by a copy of the filings and responses from the previous levels." *Id.* at 239 (citing § 542.15(b)). "At each level, the responsible administrator must respond to an inmate's request or appeal within a certain time period: the Warden within 20 days; the Regional Director within 30 days; and the General Counsel within 40 days." *Id.* (citing § 542.18). The time to respond can be extended by 20 days by the Warden, 30 days by the Regional Director, or 20 days by the General Counsel. *Id.* 28 C.F.R. § 542.18 provides that "[i]f the inmate does not receive a response within the time allotted for reply, including extension,

the inmate may consider the absence of a response to be a denial at that level." *Id.* [2]

Administrative law requires the proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo,* 548 U.S. 81, 90 (2006) (citation modified). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91.

Although there is a futility exception to the exhaustion requirement, *see Fazzini,* 473 F. 3d at 236 (citing *Aron v. LaManna,* 4 F. App'x 232, 233 (6th Cir. 2001)), Petitioner has failed to show that it would be futile to exhaust his claim. Although Petitioner claims that prison officials refused to provide him grievance forms while he was briefly incarcerated in a Special Housing Unit ("SHU"), he does not state how he tried to obtain the forms or submit any communication attempts to

---

[2] Although at the time of the incident and disciplinary hearing Petitioner was a pre-trial detainee at FDC Milan, and he had yet to be convicted of a crime, the exhaustion requirement applies to him nonetheless. *See Falcon v. U.S. Bureau of Prisons*, 852 F. Supp. 1413, 1423 (S.D. Ill. 1994), *aff'd*, 52 F.3d 137 (7th Cir. 1995); *see also Slusser v. Michigan*, No. 10-14252, 2013 WL 501733, at *1 (E.D. Mich. Feb. 11, 2013) (Lawson, J.) (pre-trial detainee required to exhaust administrative remedies before seeking habeas relief).

receive the forms, either while in SHU or once returned to the general population 23 days later. Petitioner's futility allegation is conclusory or unsupported, which is insufficient to establish that it would be futile to exhaust his remedies. *See e.g. Dunbar v. Sabol*, 649 F. Supp. 2d 1, 4 (D. Mass. 2009) (holding petitioner's "merely conclusory statements" insufficient to establish futility); s*ee also Mescall v. Hemingway*, No. 2:20-11110, 2020 WL 4584028, at * 6 (E.D. Mich. Aug. 10, 2020) (Roberts, J.), *aff'd*, No. 20-1857, 2021 WL 4025646 (6th Cir. Apr. 7, 2021) (rejecting federal inmate's argument that exhaustion was futile because he was not provided with an administrative remedy form, where his allegation was conclusory and unsupported).

Respondent has attached to her answer a declaration from DHO Licata-Romero. DHO Licata-Romero indicates that BOP staff provide remedy forms to inmates in SHU upon request. Declaration ¶ 16, ECF No. 20-3, PageID.103. Moreover, even if this Court credits Petitioner's claim that he could not get a remedy form while in SHU, Petitioner was in SHU for only 23 days and was moved back to general population in a unit staffed with unit managers. *Id.*

Petitioner admits that he did not even attempt to exhaust his remedies. He is thus unable to invoke the futility exception to the exhaustion rule. *Cf. Dillon v. Hutchinson*, 82 F. App'x 459, 462 (6th Cir. 2003) (habeas petitioner's failure to exhaust his state court remedies before seeking habeas relief from his state conviction under 28 U.S.C.

§ 2254 disqualified him from being able to invoke the futility exception to the exhaustion rule); *Picklesimer v. Rardin*, No. 2:24-CV-11772, 2025 WL 42961, at *2 (E.D. Mich. Jan. 7, 2025) (Murphy, J.) (federal prisoner could not invoke futility exception to exhaustion rule when he made no attempt to exhaust remedies).

Because Petitioner failed to exhaust his available administrative remedies, his Petition shall be dismissed. *See e.g. Gates-Bey v. U.S. Parole Comm'n,* 9 F. App'x 308, 310 (6th Cir. 2001).

**B. The pending motions.**

Petitioner, while still incarcerated at the federal prison in Milan, Michigan, filed a motion for a temporary restraining order to prevent his transfer from Milan to another federal prison. ECF No. 10. Petitioner, however, has since been transferred to the Ray Brook Federal Correctional Institution in Ray Brook, New York. ECF No. 19; ECF No. 20-4. In light of the fact that Petitioner has now been transferred to the federal prison in Ray Brook, New York, his request for an injunction or for a temporary restraining order to avoid such a transfer has been rendered moot. *See Fredette v. Hemingway,* 65 F. App'x 929, 931 (6th Cir. 2003) (finding moot a suit for injunctive relief preventing a prisoner from being transferred to state custody, where the plaintiff was transferred to state custody during the pendency of the litigation).

Petitioner also filed a motion for an evidentiary hearing. ECF No. 18. Because this Court is dismissing the petition based on Petitioner's

failure to exhaust his administrative remedies, his motion for an evidentiary hearing is denied. *See Parviz v. Morris*, No. 25-CV-22094, 2025 WL 2160152, at *6 (S.D. Fla. July 30, 2025) (citing *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.")).

On March 11, 2026, Petitioner filed a motion for a sixty day extension to file a reply brief. ECF No. 21. The Court believes that a reply brief would not aid the Court to reach "a fair disposition of this matter and concludes that Petitioner had ample time to file a reply brief." *See Williams v. White*, 183 F. Supp. 2d 969, 979 (E.D. Mich. 2002) (Hood, J.). Accordingly, this motion is denied.

Finally, Petitioner has requested the appointment of counsel. ECF No. 24. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Because Petitioner failed to exhaust his administrative remedies and offered no compelling argument for his failure to do so, this Court denies his motion for the appointment of counsel. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634–35 (2d Cir. 2001).

## III. ORDER

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DISMISSED WITHOUT PREJUDICE.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

Petitioner's motions (ECF Nos. 10, 18, 21, 24) are **DENIED**.

s/ Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: August 24, 2026